**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DIAMOND ICE PRINTS, LLC,**

      **Plaintiff,**

-vs-                                                        Case No. 6:11-cv-174-Orl-31GJK

**SUMMIT CAPITAL, INC.; THOMAS B.**
**BAKER; TRAVEL PARTNERS GROUP,**
**INC.; and YTB INTERNATIONAL, INC.,**

      **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Remand (Doc. 30) filed by the Plaintiff, Diamond Ice Prints, LLC ("Diamond Ice"). This matter was filed in state court on December 3, 2010, *see* Doc. 1-1 at 1, and removed to this court on February 2, 2011, *see* Doc. 1 at 1. Relying on the case of *Snapper, Inc. v. Redan*, 171 F.3d 1249 (11th Cir. 1999), Diamond Ice argues that the Defendants have contractually waived their right to remove this case, which must therefore be remanded back to state court. In the *Snapper* case, the defendants had each signed contracts that included the following clause:

> The Undersigned agrees that any legal action or proceeding with respect to this instrument may be brought in the courts of the State of Georgia or the United States District Court, Northern District of Georgia, Atlanta Division, *all as Creditor may elect*. By execution of this instrument, *the Undersigned hereby submits to each such jurisdiction, hereby expressly waiving whatever rights may correspond to it by reason of its present or future domicile*. Nothing herein shall affect the right of Creditor to commence legal proceedings or otherwise proceed against the Undersigned in any other jurisdiction or to serve process in any manner permitted or required by law. In furtherance of the foregoing, the Undersigned hereby appoints the Secretary of the State of Georgia as its agent for service of process.

*Snapper* at 1260 (emphasis added).  Focusing on the italicized language, the Snapper court held that the defendants had agreed to have their dispute heard by the Georgia state court if Snapper elected to file suit there and had, accordingly, waived their right to remove the suit from that court. *Id.* at 1261-62.

In the instant case, there are three contracts at issue, two of which are identical at least in regard to this issue.  The relevant language from each of these contracts reads as follows:

> Governing Law; Jurisdiction; Venue.  THE PARTIES AGREE THAT THIS AGREEMENT WILL BE CONSTRUED AND INTERPRETED IN ACCORDANCE WITH THE LAWS OF THE STATE OF FLORIDA, WITHOUT REGARD TO THE PRINCIPLES OF CONFLICTS OF LAWS THEREOF.  THE FEDERAL OR STATE COURTS LOCATED IN ORANGE COUNTY, FLORIDA SHALL HAVE EXCLUSIVE JURISDICTION TO HEAR ANY DISPUTE UNDER THIS AGREEMENT AND THE PROPER VENUE FOR ANY SUCH ACTION SHALL BE ORANGE COUNTY, FLORIDA.

(Doc. 31-1 at 4) (emphasis in original).

> This Agreement shall be governed by and construed and enforced in accordance with the substantive laws of the State of Florida, without reference to conflicts of laws rules.  The parties agree to submit to the jurisdiction and venue of the state and federal courts located in Orange County, Florida, for any actions, suits or proceedings arising out of, or relating to, this Agreement, and further agree that service of any process, summons, notice or document by US registered mail to the party's address set forth herein will be effective service of process for any action, suit or proceeding brought in any such court.

(Doc. 31-2 at 13, Doc. 31-3 at 12).

The paragraphs that Diamond Ice points to lack anything resembling the language which the *Snapper* court found determinative.  There is no language indicating that Diamond Ice was given the right to select a particular forum, or that the Defendants agreed to abide by that selection. There is no language indicating that the Defendants waived any rights related to their domiciles,

such as the right to remove a case based on diversity jurisdiction. *See Snapper* at 1262. Accordingly, the Court cannot find that, by agreeing to this language, the Defendants agreed to forego their rights to remove these proceedings from state court.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Remand (Doc. 30) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 4, 2011.

                                                                             _____
                                                                             GREGORY A. PRESNELL
                                                                             UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party