# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DIAMOND ICE PRINTS, LLC,**

        Plaintiff,

  -vs-                                                            Case No. 6:11-cv-174-Orl-31GJK

**SUMMIT CAPITAL, INC., THOMAS B.
BAKER, TRAVEL PARTNERS GROUP, INC.,
and YTB INTERNATIONAL, INC.,**

        Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RENEWED UNOPPOSED MOTION TO WITHDRAW AS COUNSEL FOR DIAMOND ICE PRINTS, LLC AND ROBERT L. FOX, INDIVIDUALLY (Doc. No. 48)** |
| **FILED:** | May 17, 2012 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. It is further **RECOMMENDED** that the Court dismiss Diamond Ice Prints, LLC's Second Amended Complaint (Doc. No. 31); strike Diamond Ice Prints, LLC's answer (Doc. No. 37) to Baker's counterclaim (Doc. No. 34); strike Diamond Ice Prints, LLC's answer (Doc. No. 38) to YTB International, Inc.'s counterclaim (Doc. No. 36 at 5); and direct the Clerk to enter default against Diamond Ice Prints, LLC as to Baker (Doc. No. 34) and YTB International, Inc.'s (Doc. No. 36 at 5) respective counterclaims.

On April 1, 2011, Diamond Ice Prints, LLC ("DIP") filed a second amended complaint (the "Complaint") against Summit Capital, Inc. ("SCI"), Thomas B. Baker ("Baker"), Travel

Partners Group, Inc. ("TPGI"), and YTB International, Inc. ("YTB") (collectively, the "Defendants"). Doc. No. 31. DIP alleges: breach of a Client Services Agreement against SCI and Baker (Counts I and II); breach of a Sublicense Agreement against TPGI (Count III); and breach of an Authorized Affiliate Distributor Agreement (the "YTB Agreement") against YTB (Count IV). Doc. No. 31. DIP attaches an unexecuted copy of the Client Services Agreement ("Agreement I") between DIP, SCI, and Baker to the Complaint. Doc. Nos. 31-1.

On April 15, 2011, SCI and Baker, through counsel, filed an Answer, Affirmative Defenses, Counterclaim, and Cross-Claim. Doc. No. 34. In the Counterclaim and Cross-Claim, SCI and Baker allege that DIP and its managing member, Robert L. Fox ("Fox"), breached a Client Services Agreement ("Agreement II"), which is attached thereto and which appears to be materially different from the Client Services Agreement attached to the Complaint. Doc. No. 34 at 10-15, 17-24. Agreement II is a Client Services Agreement between SCI, Baker, DIP, and Fox. Doc. No. 34 at 17-24. Agreement II is fully executed by SCI, Baker, DIP, and Fox. Doc. No. 34 at 24. SCI and Baker maintain that Fox was added to Agreement II "specifically to secure the payment obligations of [DIP], in case [DIP] refused to pay or filed for bankruptcy." Doc. No. 34 at 10. SCI and Baker allege breach of contract and fraud against DIP and Fox. Doc. No. 34 at 10-14.

On April 21, 2011, TPGI and YTB filed an Amended Answer and Affirmative Defenses. Doc. No. 36. YTB also filed a Counterclaim against DIP alleging breach of the YTB Agreement. Doc. No. 36 at 5-6.

On January 4, 2012, counsel for SCI and Baker filed an Unopposed Motion to Withdraw as Counsel for Defendants. Doc. No. 39. On January 5, 2012, the Court entered an order

granting in part and denying in part the motion. Doc. No. 40. The motion was granted as to Baker, who is now proceeding pro se. Doc. No. 40 at 2.[1] The motion was denied without prejudice as to SCI because Local Rule 2.03(e), prohibits a corporation from proceeding in this Court without counsel. Doc. No. 40 at 2.[2] The Court provided SCI with fourteen (14) days to retain substitute counsel and have substitute counsel file a notice of appearance. Doc. No. 40 at 2. The Court cautioned SCI that if it failed to retain substitute counsel within the time provide, the Court may, without further warning, strike the pleadings as to SCI and direct the Clerk to enter default against it. Doc. No. 40 at 2.

On January 26, 2012, counsel filed a Renewed, Unopposed Motion to Withdraw as Counsel for [SCI]. Doc. No. 43. SCI did not have substitute counsel file a notice of appearance on its behalf. Accordingly, on April 26, 2012, the Court entered an order granting the motion, permitting the withdrawal of SCI's counsel. Doc. No. 44. The Court further ordered that SCI's Answer and Affirmative Defenses (Doc. No. 34) were stricken and directed the Clerk to enter default against SCI. Doc. No. 44. The Court also struck SCI's Counterclaim and Cross-Claim (Doc. No. 34). Doc. No. 44. Baker's Counterclaim against DIP and Cross-Claim against Fox (Doc. No. 34) remain, and Baker is proceeding pro se.

On January 23, 2012, counsel for DIP and Fox filed an Unopposed Motion to Withdraw as Counsel. Doc. No. 42. Counsel stated that irreconcilable differences have arisen between counsel, DIP, and Fox. Doc. No. 42. Counsel also asserted that he complied with Local Rule 2.03(b), and neither DIP nor Fox object to his withdrawal. Doc. No. 42. Counsel provides a

---

[1] A review of the docket indicates that on May 18, 2012, the Court's order, which was sent to Baker by Certified Mail, was returned as unclaimed.

[2] Local Rule 2.03(e) provides: "A corporation may appear and be heard only through counsel admitted to practice in the Court pursuant to Rule 2.01 or Rule 2.02." Local Rule 2.03(e).

current residential mailing address for Fox at 3135 Heathgate Ct., Orlando, FL 32812. On April 26, 2012, the Court entered an order granting the motion to the extent that counsel was permitted to withdraw for Cross-Defendant Fox, who is now proceeding pro se. Doc. No. 45.

Due to Local Rule 2.03(e)'s prohibition against corporations proceeding pro se, the Court denied the motion without prejudice as to DIP. Doc. No. 45 at 4. The Court further ordered that:

> **Within fourteen (14) days from the date of this order, DIP is hereby directed to:**
>
> 1. **Retain substitute counsel; and**
> 2. **Have substitute counsel file a notice of appearance.**
>
> **If DIP fails to retain substitute counsel within fourteen (14) days, the following will occur without further warning:**
>
> 1. **DIP's Complaint (Doc. No. 31) will be dismissed;**
> 2. **DIP's Answer (Doc. No. 37) to Baker's Counterclaim (Doc. No. 34) will be stricken and default will be entered against it; and**
> 3. **DIP's Answer (Doc. No. 38) to YTB's Counterclaim (Doc. No. 36 at 5) will be stricken and default will be entered against it.**
>
> Counsel may renew the Motion in twenty-one (21) days from the date of this order or after substitute counsel make an appearance in this case, whichever comes first. **Counsel is DIRECTED to immediately provide DIP and Fox with a copy of this order and to thereafter file a notice certifying compliance with this order**.

Doc. No. 45 at 4 (emphasis in original). On April 27, 2012, Counsel filed a notice of compliance with the Court's order. Doc. No. 47. To date, substitute counsel has not filed a notice of appearance on behalf of DIP.

On May 17, 2012, Counsel for DIP filed a Renewed Unopposed Motion to Withdraw as Counsel for [DIP] (the "Motion"). Doc. No. 48. Based on the forgoing, it is **RECOMMENDED** that the Court:

4

1. **GRANT** the Motion (Doc. No. 48);

2. **DISMISS** DIP's complaint (Doc. No. 31);

3. **STRIKE** DIP's Answer (Doc. No. 37) to Baker's counterclaim (Doc. No. 34)[3];

4. Direct the Clerk to enter default against DIP as to Baker's counterclaim (Doc. No. 34);

5. **STRIKE** DIP's Answer (Doc. No. 38) to YTB's counterclaim (Doc. No. 36 at 5); and

6. Direct the Clerk to enter default against DIP as to YTB's counterclaim (Doc. No. 36 at 5).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 3, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Counsel of record
**Unrepresented parties [Baker + Fox] by Certified Mail**

---

[3] By separate order, the undersigned will issue an order to show cause to Baker regarding a current residential address where he may be served with process, pleadings, motions and other papers.